UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAJUAN FLEETWOOD,
    Plaintiff,

vs.

HAMILTON COUNTY COURT OF
DOMESTIC RELATIONS, et al.,
    Defendants.

Case No. 1:18-cv-574
Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

    Plaintiff LaJuan Fleetwood, a resident of Cincinnati, Ohio, brings this action against Hamilton County Court of Domestic Relations and Judge Amy L. Searcy alleging violations of his constitutional and statutory rights under 42 U.S.C. § 1983. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges that Judge Searcy, the judge presiding over the domestic relations court case regarding the dissolution of plaintiff's marriage, imposed financial obligations of $117,000.00 in attorney and expert fees after he had executed an agreed reunification plan with his former spouse. Plaintiff states the reunification plan supported a collaborative relationship with his three minor children and contained no financial obligations as a prerequisite to implementation of the plan. Plaintiff alleges Judge Searcy imposed the repayment of these fees as a condition for reunification with his children and without any legal authority. Plaintiff states that Judge Searcy has made it clear he will not see his children until the expert fees are paid. The complaint further alleges that Judge Searcy has held plaintiff in contempt for not paying these fees. Plaintiff alleges that the imposition of this financial obligation as a condition of seeing his children amounts to extortion in violation of 18 U.S.C. § 872[1], "which pierces the veil of judicial immunity of protection for Judge Amy Searcy." (Doc. 1-1 at 6).

---

[1] Section 872 is a criminal statute that provides, "Whoever, being an officer, or employee of the United States or any department or agency thereof, or representing himself to be or assuming to act as such, under color or pretense of office or employment commits or attempts an act of extortion, shall be fined under this title or imprisoned not more than three years, or both; but if the amount so extorted or demanded does not exceed $1,000, he shall be fined under this title or imprisoned not more than one year, or both."

3

The complaint also alleges claims for violations of due process, racial discrimination, and gender bias:

> On 2/17/17, the Court ordered No-Contact between the Plaintiff and his minor children in an ex-parte hearing. The no-contact order has been in place for over 549 days and counting. In addition, Plaintiff filed a motion on July 11, 2018 requesting another hearing to remove the no contact order. The Judge set a hearing date for July 17, 2018, then stated during a phone conference with Plaintiff's previous counsel that she would decide on the motion without a hearing and with only motions filed by the parties July 17, 2018. Without notice to Plaintiff, and in violation of Local Rule Hamilton County Domestic Relations Court Title I. Section 1.2, the judge unilaterally allowed the opposing counsel to file a motion in opposition 44 days after the Plaintiff's motion was filed. This heavy handed no contact order is clearly discriminatory, saturated with gender and racial bias and violates the equal protection clause of the United States Constitution. Throughout this case, the Court has made numerous decisions to continue violating my parental rights without evidence and consideration of my right to Due Process. The Court has repeatedly overlooked the procedures of due process in making critical decisions in regards to the best interest of the children, even upon presentation of clear evidence to support the Plaintiff's position. In multiple instances, no witnesses, evidence or testimony was allowed or requested by the Court prior to rendering significant decisions, including the no contact order, thus violating proper notice procedures and due process requirements. The only constant in this case is that self-reporting by opposing counsel is held by the Court as the truth without substantiating evidence, and it is used by the Court to continually deny the Plaintiff's fundamental right to see his children.
>
> To combine the denial of due process with scheduling hearings spanning months at a time, delaying time more wisely used for reunification are not only unconstitutional, but also are in complete opposition with the best interests of the children. . . . Not only is this unconstitutional, but also raises clear indications of gender and racial discrimination. It would be hard pressed to believe that the Court would go to this extreme to prevent any form of contact if the primary parent was white and/or a female. The unconstitutional acts by the Court have robbed the Defendant of memories and time with his children, and completely excluded their paternal family members with whom the children are very close and are not parties in the underlying case. Which begs the questions of whether the Judge has overreached her legal authority by preventing individuals outside of this matter from their constitutional right to a free and unfettered relationship with their relatives? Therefore, broad scope of the Court's unjust exclusion has violated the rights of the children, the Plaintiff and their paternal family.

(Doc. 1-1 at 6-7). As relief, plaintiff seeks $15 million.

Plaintiff's complaint fails to state a claim for relief under 42 U.S.C. § 1983 and seeks relief from a defendant who is immune from such relief. Therefore, plaintiff's complaint should be sua sponte dismissed.

First, plaintiff's allegations are insufficient to state a claim for relief under 42 U.S.C. § 1983 against the Hamilton County Court of Domestic Relations. The Court of Domestic Relations is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b). The Ohio Supreme Court has concluded that Ohio courts are not sui juris. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 344 N.E.2d 126, 128 (Ohio 1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 296 N.E.2d 544, 546 (Ohio 1973)). *See Hawkins v. Youngstown Mun. Court*, No. 4:12CV1029, 2012 WL 4050167, at *2 (N.D. Ohio Sept. 13, 2012) (Youngstown Municipal Court is not *sui juris,* meaning it is not a legal entity that can sue or be sued; court is merely a subunit of the municipality it serves); *Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874, 2009 WL 806653, at *4–5 (S.D. Ohio March 26, 2009) (holding that the Warren County, Ohio Court of Common Pleas and City of Franklin Municipal Court are not sui juris); *Burton v. Hamilton County Juvenile Court*, No. 1:04-cv-368, 2006 WL 91600, at *5 (S.D. Ohio Jan. 11, 2006) (holding that the Hamilton County Juvenile Court is not a legal entity capable of being sued). Therefore, the complaint fails to state a claim for relief against the

Hamilton County Court of Domestic Relations.

Second, plaintiff's complaint should be dismissed because it seeks relief from a defendant who is immune from such relief. Plaintiff's claims against defendant Judge Searcy are barred by judicial immunity. Judges are afforded absolute immunity from § 1983 liability for acts they commit while functioning within their judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). *See also Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). It is clear that the decisions made by Judge Searcy in connection with plaintiff's pending state court action are functions normally performed by judges. *Stump*, 435 U.S. at 362. *See also Alexander v. Rosen*, 804 F.3d 1203, 1208 (6th Cir. 2015) (granting absolute judicial immunity to state family court judge and finding judge's actions in assessing fees, issuing an arrest warrant, and refusing to issue a stay are paradigmatically judicial acts). Plaintiff has alleged no facts indicating that the judge acted "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607.[2] Therefore, Judge Searcy is absolutely immune from civil liability in this matter.

---

[2] To the extent plaintiff alleges that Judge Searcy's alleged violation of 18 U.S.C. § 872 vitiates any claim of judicial immunity, he is mistaken. Section 872 is a criminal statute that prohibits extortion by *federal* employees and has no applicability in this case.

6

Accordingly, plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted and because it seeks relief from a defendant who is immune from suit.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/20/18

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAJUAN FLEETWOOD,
    Plaintiff,

vs.

HAMILTON COUNTY COURT OF
DOMESTIC RELATIONS, et al.,
    Defendants.

Case No. 1:18-cv-574
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).